468 P.2d 416

STATE of New Mexico, Plaintiff-Appellee,

v.

Bill MURRAY, a/k/a Bill Trent, Defendant-Appellant.

No. 450.

Court of Appeals of New Mexico.

April 3, 1970.

N. Randolph Reese, Hobbs, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Judge.

The appeal is concerned with the revocation of a suspended sentence and the reinstatement of defendant's original sentence. There are four issues: (1) failure of the trial court to address the defendant directly; (2) lack of advice concerning right to

a trial; (3) credit on defendant's sentence; and (4) delay in the return of defendant to answer the charge of violating his probation.

Defendant was adjudged guilty of violating § 40A–16–18, N.M.S.A. 1953 (Repl. Vol. 6). He was sentenced to a penitentiary term of not less than one nor more than five years. His sentence was credited with twenty-nine days served in jail. The balance of his sentence was suspended and he was placed on probation for three years. The assistant district attorney moved for revocation of the suspended sentence, alleging four violations of the probation conditions. Defendant pled guilty to two violations. The suspended sentence was revoked, the original sentence reinstated and defendant was committed to the penitentiary. Defendant moved for post-conviction relief under § 21–1–1(93), N.M.S.A. 1953 (Supp. 1969). The appeal is from the denial of post-conviction relief without a hearing.

*Failure of the trial court to address the defendant directly.*

Defendant does not claim that his plea of guilty to having violated two probation conditions was involuntary. Nor does he claim that the record fails to show that his plea was voluntary. Compare Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct.App.1969).

Defendant claims his plea should be set aside because the trial court, prior to accepting the plea, failed " * * * to directly address him and ascertain of the Defendant personally * * * " if the plea was made understandingly and with knowledge of the consequences of the plea. The record shows that such inquiries were made by the trial court. However, the court's inquiries were addressed to and answered by defendant's counsel. The claim is that the inquiries should have been made directly to defendant rather than counsel.

Under the circumstances reflected in the record before us, State v. Lattin, 78 N.M. 49, 428 P.2d 23 (1967), held a guilty plea would not be voided because the response to the court's inquiries was made by counsel rather than defendant. Further, in State v. Elledge, supra, we held:

" * * * the fact that the trial court failed to question defendant as to his understanding of the guilty plea, and its consequences, does not in itself provide a basis for post-conviction relief. * * * "

Disregarding the above New Mexico decisions, defendant claims that federal due process requires the judge to address him directly. He relies on McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed. 2d 418 (1969). That decision held that federal judges were required to address the defendant directly to insure that the defendant understood his guilty plea and its consequences. It is not in point because the decision was based on a federal rule of criminal procedure. Federal due process was not involved in the *McCarthy* decision. New Mexico has no comparable rule of criminal procedure. State v. Lattin, supra, and State v. Elledge, supra, are applicable and controlling. See also, Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968). This claim provides no basis for post-conviction relief.

*Lack of advice concerning right to a trial.*

Defendant claims that neither the judge nor his counsel advised him of his right to a "trial" on whether he had violated the conditions of his probation. He was not entitled to a trial in any strict or formal sense. State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968). He was entitled to a hearing on the alleged violations, but that hearing could be informal. Section 41–17–28.1, N.M.S.A.1953 (Repl. Vol. 6). At such a hearing, the violation must be established with reasonable certainty. The violation does not have to be established beyond a reasonable doubt. State v. Brusenhan, supra.

Defendant also claims that neither the judge nor his attorney advised him as to his right to a jury trial on the question of identity. Defendant has a right to a jury trial on the question of his identity. State v. Brusenhan, supra, and cases therein cited.

The record shows defendant's attorney informed the court that he had gone over the revocation petition with the defendant several times; that defendant was " * * * fully aware he has a right to a hearing on the matter * * *." In response to the court's question, counsel stated that defendant's right to a jury trial on the question of identity had been explained to him. Defendant was present when his attorney made these statements to the court. The court asked defendant if he had anything to say. He replied in the negative.

Even if we assume that defendant was not informed as to his right to a hearing on the alleged probation violations and his right to a jury trial on the question of identity before coming to court, the record conclusively demonstrates that he was informed as to each of these items in the proceeding at which his guilty plea was accepted. He was informed as to these items by the questions of the court and the responses of his counsel. There is no factual basis for this claim. See State v. Kenney (Ct.App.), 81 N.M. 368, 467 P.2d 34, decided March 13, 1970.

### Credit on defendant's sentence.

Defendant's original sentence, which was suspended, was imposed February 17, 1967. If the twenty-nine days credit was applied at the beginning of that sentence, it would have begun on January 19, 1967. The order revoking the suspended sentence was entered April 29, 1969 and provided that the original sentence "hereby is reinstated." The penitentiary commitment states that defendant is to be confined in the penitentiary for a term of not less than one nor more than five years beginning November 19, 1968. It recites that defendant " * * * has been given credit for probation time and time served in the Lea County jail."

Defendant contends the sentence beginning date in November, 1968 is incorrect. He asserts he should be given credit on his sentence for all time elapsed since the imposition of his original sentence, and that his penitentiary sentence should show a beginning date in January, 1967.

■ This claim involves § 41–17–28.1 (B) and (C), N.M.S.A.1953 (Repl.Vol. 6). Upon revocation of a suspended sentence, a defendant is entitled under § 41–17–28.1 (B), supra, to have his probation time credited against his sentence. State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct.App.1968). Upon such revocation, the trial court is to make a judicial determination of the proper credit to be allowed. State v. Reinhart, 79 N.M. 36, 439 P.2d 554 (1968).

If the provisions of § 41–17–28.1(C), supra, are applicable, the amount of the credit is not simply a computation of the elapsed time on probation. That section states:

"If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that he has violated the provisions of his release, the court shall determine whether the time from the date of violation to the date of his arrest, or any part of it, shall be counted as time served on probation."

■ The State asserts that defendant was a fugitive from justice, that the trial court applied § 41–17–28.1(C), supra, and that proper credit is shown to have been given because the revocation did not occur until April 29, 1969 and the reinstated sentence begins November 19, 1968. These contentions may be correct, but they cannot be determined from the record. We cannot tell from the record what credit was applied or whether the credit actually applied was proper.

All we know from the record is that there was a violation of probation. When did the violation occur, when was defendant arrested? The record shows neither of these items. Further, the trial court's

discretion to credit or disallow probation time from violation to arrest depends upon defendant being a fugitive from justice. Whether defendant was a fugitive requires a determination that the " * * * warrant for the return * * * [of defendant] cannot be served. * * * "

The trial court may have made a judicial determination of the above matters in fixing the credit to be given on the reinstated sentence. Since, however, the record does not reflect such a determination, and since the question of allowable credit is cognizable in a post-conviction motion (State v. Reinhart, supra; State v. Sublett, supra), defendant is entitled to an evidentiary hearing on the question of the propriety of the credit given.

*Delay in return of defendant to answer the charge of probation violations.*

This issue also involves the proper time to be credited on the reinstated sentence. A probation report, in the record, states that defendant's grandmother advised a probation officer, on May 26, 1967, that defendant might be found at the home of defendant's mother. A specific address in St. Petersburg, Florida was given. This report indicates the probation officer caused an arrest warrant to be issued on May 31, 1967. See § 41–17–28.1(A) (3), N.M.S.A.1953 (Repl.Vol. 6). In addition, the court, on June 19, 1967, directed its clerk to issue a warrant for defendant's arrest. See § 41–17–28.1(A) (1), N.M.S.A. 1953 (Repl.Vol. 6). Defendant asserts that he "remained" at the Florida address until apprehended.

■■ The contention is that the right of the State to revoke defendant's probation was waived " * * * by reason of * * * [the] long delay in apprehending Appellant. * * * " The asserted waiver is based on the claim that defendant's whereabouts were " * * * known to the State or should have been known to the State had it exercised ordinary care to ascertain the location of the Defendant. * * * "

Does such a claim provide a legal basis for relief? We hold that it does.

In Conston v. New Mexico St. Bd. of Probation & Parole, 79 N.M. 385, 444 P.2d 296 (1968), a parolee violated the terms of his parole in October, 1964. The defendant board authorized a retaking of the parolee in November, 1964 but held this "retaking" authority in abeyance until a second parole violation in August, 1965. It was held as a matter of law that the parolee was entitled to credit for the time between the first and second parole violation. The opinion states:

" * * * However, if the Board determines that the parolee should be returned, it must promptly issue the warrant against a violator whose whereabouts are known and whose return is possible. The statute does not contemplate delay or holding in abeyance a warrant following one breach to await additional defaults, as apparently was done here."

The *Conston* decision is not based solely on statutory grounds, but on a denial of due process if " * * * a citizen is denied his liberty at the whim, sufferance of [or] caprice of respondent, * * * ."

The due process question of delay in the retaking of a parole violator is applied to federal authority in Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967) and State authority in Greene v. Michigan Department of Corrections, 315 F.2d 546 (6th Cir. 1963). *Greene* states:

"When there has been a violation of the conditions of a parole, the parole authorities, if they desire to take advantage of it, should proceed with reasonable diligence to issue and execute a warrant for the arrest of the parolee. Failure to do so may result in a waiver of the violation * * * ."

The principle of the above parole cases has been applied to probation cases. Robinson v. Sartwell, 264 F.Supp. 531 (E.D. Mich.1967); United States v. Gernie, 228 F.Supp. 329 (S.D.New York 1964). The

principle of the above decisions is to be applied to defendant's claim.. If there has been unreasonable delay in the issuance and execution of a warrant against a probation violator whose whereabouts is known or could be known with reasonable diligence, and the violator's return is possible, the probation authorities, as a matter of law (Conston v. New Mexico St. Bd. of Probation & Parole, supra), have waived defendant's violations.

The facts for the application of the above rule cannot be determined from the record. We do not know when defendant was arrested so do not know the extent of the delay. The record indicates the probation authorities promptly had a warrant issued on the basis of the probation violations, but we know nothing of their attempts to execute the warrants for defendant's arrest. Defendant is entitled to an evidentiary hearing on the question of whether there was an unreasonable delay in executing the arrest warrants.

The order denying relief is affirmed on the first two issues. The denial of relief without a hearing on the third and fourth issues is reversed; the cause is remanded for an evidentiary hearing on these two issues.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.