501 P.2d 695

**Ralph Ray MAES, Plaintiff-Appellant,**

**v.**

**STATE of New Mexico, Defendant-Appellee.**

**No. 942.**

Court of Appeals of New Mexico.

Sept. 8, 1972.

David W. Bonem, Quinn & Bonem, Clovis, for plaintiff-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

WOOD, Chief Judge

Maes moved for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Repl. Vol. 4). The motion was denied without a hearing. The appeal raises three claims. We affirm as to the second and third claims but reverse for further proceedings in connection with the first claim.

The first claim attacks the basis for Maes' present imprisonment. The motion for relief asserts that Maes was convicted of " 'car theft' " and sentenced to one to five years; that this sentence was suspended and Maes was placed on probation for six months. The motion asserts that subsequently Maes was charged with rape and before this charge was tried, his probation was revoked and he was sent to the penitentiary under his sentence for car theft. The motion alleges that after his probation was revoked a jury acquitted Maes of the rape charge.

The first claim raises the issue of the basis for revoking probation. Since Maes had not been tried on the rape charge when the revocation occurred, he asserts the revocation was on the basis of " 'being with a minor after curfew hours.' " The trial court dismissed on the basis that it " . . . failed to state a claim upon which relief can be granted pursuant to Rule 93." See § 21–1–1(12)(b)(6), N.M.S.A.1953 (Repl.Vol. 4).

█ Dismissal for failure to state a claim upon which relief can be granted is improper unless it appears that Maes is not entitled to relief under any state of facts provable under the claim. Pattison v. Ford, 82 N.M. 605, 485 P.2d 361 (Ct.App. 1971).

█ Maes' probation could be revoked if he violated the conditions of his probation. Section 41–17–28.1, N.M.S.A.1953 (Repl. Vol. 6). Maes claims that his probation was revoked because he was with a minor after curfew hours. We have no way of knowing whether this claim, if true, was in fact a violation of probation. The terms of Maes' probation are not in the record before us. There is nothing showing on what factual basis the trial court revoked Maes' probation.

There being nothing in the record indicating that being with a minor after curfew hours was a violation of the conditions of probation, the trial court could not properly rule that Maes was not entitled to relief under any state of facts provable under this first claim.

██ We do not hold that revocation of probation was improper. It may be, as the State pleaded in the trial court, that revocation was on the basis of clear and convincing evidence of forcible rape. If this is true, there is violation of a law and revocation was proper. Conviction of a subsequent offense is not a prerequisite for revocation of probation. State v. Baca, 80 N.M. 527, 458 P.2d 602 (Ct.App.1969). On the other hand, if revocation was solely on the basis of the *charge* of rape, and Maes was thereafter acquitted of the charge, revocation was improper. State v. Guffey, 253 N.C. 43, 116 S.E.2d 148 (1960). On the record before us, we do not know on what basis the probation was revoked. Accordingly, we hold only that the record was insufficient for dismissing the first claim on the ground that it stated no basis for relief. See State v. Murray, 81 N.M. 445, 468 P.2d 416 (Ct.App.1970).

█ The second claim is that Maes was improperly convicted because of his " 'limited education background.' " This does not state a basis for post-conviction relief. State v. Montoya, 81 N.M. 233, 465 P.2d 290 (Ct.App.1970).

█ The third claim is that the District Judge was prejudiced " 'in that he was aware of the facts.' " A judge, necessarily, would have to become aware of facts in order to determine whether probation

should be revoked. See State v. Dodson, 83 N.M. 11, 487 P.2d 921 (Ct.App.1971). This does not state a basis for post-conviction relief.

■ Dismissal of the second and third claims is affirmed. Dismissal of the first claim is reversed and the cause is remanded for further proceedings in connection with the first claim. The "further proceedings" do not necessarily mean an evidentiary hearing. If the files and records conclusively show that Maes' probation was properly revoked, a ruling may be based on those files and records. Section 21-1-1(93)(b), supra. Of course, the record in the post-conviction proceeding must support the ruling made.

It is so ordered.

HENDLEY and COWAN, JJ., concur.