612 P.2d 1332.
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Frankie J. SANCHEZ,**
**Defendant-Appellant.**

No. 4287.

Court of Appeals of New Mexico.

April 15, 1980.

Writ of Certiorari Denied May 21, 1980.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Public Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy Lawrence Pacheco, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Judge.

Defendant's probation was revoked after hearing, and the original sentence of one to five years in the penitentiary was imposed. All but thirty days to be served in the county jail was suspended. We affirm.

■■ Defendant's probation officer requested revocation of probation on grounds that defendant had pled guilty in magistrate court and had been fined for driving while intoxicated and reckless driving during the period of his probation. At the revocation hearing defendant said he had not been advised by the magistrate of his right to have counsel represent him; therefore, his conviction could not serve as the basis for establishing violation of the terms of his probation. He first cites *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), which held that

> * * * absent a knowing and intelligent waiver, no person may be imprisoned for any offenses, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial[,]

(407 U.S. at 37, 92 S.Ct. at 2012, 32 L.Ed.2d at 538), and argues it should be extended to the present instance to prohibit the use of an uncounseled conviction *not* resulting in imprisonment in the subsequent proceeding. Dicta in *Marston v. Oliver*, 485 F.2d 705 (4th Cir. 1973), would seem to approve the extension urged if the subsequent proceeding should result in the loss of defendant's liberty as opposed to loss of some other civil right.

Other courts which have held that the rule of *Argersinger* compels the decision that an uncounseled conviction, whether resulting in imprisonment or not, cannot be used to revoke probation and to impose the sentence previously suspended, *e. g. Alexander v. State*, 258 Ark. 633, 527 S.W.2d 927 (1975); *State v. Harris*, 312 So.2d 643 (La. 1975), have read into *Argersinger*, we think, what Justice Douglas was careful to exclude. That is, that

> * * * every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
>
> *The run of misdemeanors will not be affected by today's ruling.* But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of "the guiding hand of counsel" so necessary when one's liberty is in jeopardy. (Our emphasis.)

407 U.S. at 40, 92 S.Ct. at 2014, 32 L.Ed.2d at 540.

The foregoing language from *Argersinger* makes it clear that only those uncounseled misdemeanor convictions which result in confinement are to be held invalid. This was the determination specifically made in *Cottle v. Wainright*, 477 F.2d 269 (5th Cir. 1973). There, defendant while on probation was charged twice with petty offenses punishable by incarceration. He was convicted both times. The twenty-day sentence was suspended for the first offense; the second time he was sent to jail. His non-representation at those hearings was not contested by the State. After his parole was revoked because of the convictions, he filed a habeas corpus proceeding in federal district court and argued the revocation could not be based on two convictions procured in violation of his constitutional right to counsel. The trial court agreed; the Fifth Circuit reversed on the issue of properly considering the first conviction. It held that although the second conviction was invalid because counsel had not been provided and it had resulted in imprisonment, Cottle had not been deprived of his liberty on the first conviction and, therefore, it was "not tainted by reason of the fact that he was not afforded counsel." Revocation based on the first conviction was held not improper.

*Argersinger* has been further clarified in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Scott urged that *Argersinger* compelled appointment of counsel whenever imprisonment was an authorized penalty. The Supreme Court expressly rejected this view and held that "actual imprisonment [is] the line defining the constitutional right to appointment of counsel." (440 U.S. at 373, 99 S.Ct. at 1162, 59 L.Ed.2d at 389.) *Scott* removes any doubt from the correctness of the *Cottle* ruling.

As a second matter urged on appeal, defendant contends the revocation request should have been dismissed because the procedural requirements of § 31–21–15A, N.M. S.A.1978, relating to "Return of probation violator" were not followed, and because he was denied a speedy revocation hearing.

■ Subsection A of § 31–21–15 provides that (1) a warrant may be issued for the arrest of a probation violator; or (2) a notice to appear to answer a charge of violation shall be personally served on the probationer; or (3) the probationer may be arrested without a warrant if a written statement setting forth the director's judgment that a violation has occurred is delivered with the probationer by the arresting officer to the official in charge of the place of detention.

It is not contended that alternatives (1) or (3) were invoked. The record does not show, either, that personal service of either the motion to revoke or notice of hearing were personally made on defendant. There does appear, however, an entry of appearance by counsel for defendant a week after the motion was filed, and service of notice of hearing upon the attorney nine days before the scheduled hearing date.

The entry of appearance confirms that defendant was somehow notified of the pending hearing. Obviously he elected to waive any defect in service, since the matter was never raised below; defendant appeared at the scheduled hearing, and counsel announced at the commencement of that proceeding that the defense was "ready." It has long been the rule that jurisdiction over the person, which is the matter ad-dressed in § 31–21–15A, may be waived. Rule 12(h), N.M.R.Civ.P., 1978. Waiver in the circumstances shown here is specifically provided for in Rule 33(e)(2), N.M.R.Crim.P. 1978.

■ Non-observance of the statute's procedural methods does not require reversal when waiver is present. *See Kalosha v. Novick*, 84 N.M. 502, 505 P.2d 845 (1973). As noted above, no issue under § 31–21–15(A) was raised in the trial court.

■ The right to a speedy, public trial is a right afforded to persons accused of a crime. *Raburn v. Nash*, 78 N.M. 385, 431 P.2d 874 (1967); *State v. Adams*, 80 N.M. 426, 457 P.2d 223 (Ct.App.1969); *State v. McCroskey*, 79 N.M. 502, 445 P.2d 105 (Ct. App.1968). A hearing on revocation of probation or parole is not a trial on a criminal charge, but is a hearing to determine whether, during the probationary or parole period, the defendant has conformed to or breached the course of conduct outlined in the probation or parole order. *State v. Brusenhan*, 78 N.M. 764, 438 P.2d 174 (Ct. App.1968).

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), it was said that because revocation was not a part of a criminal prosecution, "the full panoply of rights" owed a criminal defendant under the due process clause did not apply in such proceedings. The minimum due process requirements in revocation hearings, under *Morrissey*, are: (1) written notice of the claimed violations; (2) disclosure of the evidence against the probationer; (3) opportunity to be heard and to present witnesses and evidence; (4) right to confront and cross-examine witnesses; (5) a neutral and detached hearing officer; and (6) a written statement of the factfinder of the evidence relied on and the reasons for revocation. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), added the requirement that counsel be provided in certain narrow situations. Neither case extended the constitutional guarantee of a speedy trial to defendants in revocation hearings. The issue before us is not one of speedy trial, but due process.

New Mexico committed itself in *State v. Murray*, 81 N.M. 445, 468 P.2d 416 (Ct.App.1970), to the rule that a defendant whose probation is subject to revocation is entitled to an evidentiary hearing on the reasonableness of a delay between the issuance and execution of a warrant for defendant's arrest. The record was silent on the length of time elapsing in that case, but the opinion clearly established that an unreasonable delay would result, as a matter of law, in the state's waiver of defendant's violations. (81 N.M. at 450, 468 P.2d 416.)

Presumably, the same rule would apply where unreasonable delay between knowledge of violation and notice or arrest, or between arrest and hearing, occurred. We see no reason why, on a proper showing that defendant by inordinate delay has suffered some prejudice or oppressive detriment not brought about by his own fault or lack of diligence, the same result would not follow. *Cf., State v. Crump*, 82 N.M 487, 484 P.2d 329 (1971) (14-month delay from indictment to trial does not alone indicate purposeful or oppressive delay).

Defendant refers us to *State v. Chavez*, 94 N.M. 102, 607 P.2d 640, (Ct.App. 1979), to support his claim that a motion to revoke filed more than five months after the magistrate conviction, and a hearing held four months later, was a denial of due process. We think *Chavez* to be unduly restrictive as a general proposition, and contrary to prior New Mexico decisions on the question of delay in the absence of any showing of prejudice to the defendant resulting from delay not occasioned by defendant himself. *See State v. Polsky*, 82 N.M. 393, 482 P.2d 257 (Ct.App.1971). Here, there is neither claim nor showing of prejudice.

We find no error in the judgment entered below and it is, therefore, AFFIRMED.

WOOD, C. J., and ANDREWS, J., concur.