617 P.2d 1324

STATE of New Mexico,
Plaintiff-Appellee,

v.

Melvin BROWN, Defendant-Appellant.

No. 4594.

Court of Appeals of New Mexico.

Sept. 23, 1980.

Michael R. Gernsheimer, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant entered a plea of guilty to the crime of arson of an automobile, his ex-wife's car, on March 2, 1979. He received a suspended sentence, except for sixty days, and was placed on three years probation. Special conditions of probation were that he was not to contact his ex-wife and he was "to make restitution in the amount of $3,450.00, to be paid at the rate of $150.00 per month, such payments to begin upon his release from the Bernalillo County Detention Center."

Subsequently, on September 16, 1979, the district attorney filed a motion to revoke defendant's probation and invoke the suspended sentence. One of the grounds was that defendant had failed to make restitution to his ex-wife. On December 21, 1979, defendant was arrested on a bench warrant. Subsequently, the State added another ground for revocation; namely, that defendant did not refrain from contacting his ex-wife.

On March 7, 1980, the trial court held that defendant had violated his probation in that he did not make restitution and that he had contacted his ex-wife. Defendant appeals this order, contending the delay in not pressing the probation violations constituted a waiver of the right to invoke sentence. Issues listed in the docketing statement and not briefed are deemed abandoned.

The defendant relies principally on *State v. Murray*, 81 N.M. 445, 468 P.2d 416 (Ct. App.1970); *Conston v. New Mexico St. Bd. of Probation & Parole*, 79 N.M. 385, 444 P.2d 296 (1968); and *Greene v. Michigan Department of Corrections*, 315 F.2d 546 (6th Cir. 1963). However, on the facts before us, *Murray* is not controlling. Common to all three cases upon which the defendant relies is the fact that the defendant had fled the jurisdiction of probation, was at a known address outside the state, and the demanding state made no attempt to issue or execute a warrant against the violator whose whereabouts were known, or

**4**

could have been known, with reasonable diligence. There are no facts in this case comparable to those in the cases cited.

The only question concerns the restitution of $150.00 per month to pay for the automobile which the defendant had burned. The probation officer testified that the second month after the defendant was released he was aware that the defendant was delinquent in the paying of restitution. However, the probation officer went on to explain that, depending on what the violation is, he would urge the court to revoke the defendant's probation. Thus, the question becomes whether or not there was any unreasonable action by this probation officer in trying to work with this defendant instead of charging him with a violation at the first possible occasion.

In addition, there is not even the slightest claim of prejudice to this defendant. The indications are that the probation officer would not bring him in the first time he did not make a payment because the probation officer hoped to work with this defendant. Every month this defendant was required to pay something and, certainly, the probation officer might have waived the prior months, but not the last month for which payment was due and none was forthcoming. Thus, the facts of this case make the reasoning of *Murray, supra,* inapplicable to this defendant's position.

Defendant's reliance on *State v. Chavez,* 94 N.M. 102, 607 P.2d 640 (Ct.App.1979), is misplaced. In *Chavez,* the issue was a delay in hearing after the defendant was picked up on warrant for a violation and not a delay in charging the defendant with a violation in the first place.

Affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.