636 P.2d 299

STATE of New Mexico,
Plaintiff-Appellee,

v.

Roland HERNANDEZ,
Defendant-Appellant.

No. 5035.

Court of Appeals of New Mexico.

Oct. 6, 1981.

Rehearing Denied Oct. 21, 1981.

Certiorari Denied Nov. 19, 1981.

John B. Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

The appeal involves a revocation of probation. We (1) identify two matters not involved in our decision, and discuss (2) the alleged waiver of a probation violation by the State; (3) credit on defendant's sentence; and (4) extending the probation requirements.

### Matters Not Involved

A plea and disposition agreement disposed of two district court cases. Defendant was to plead guilty to two burglaries; one burglary and three larceny charges were to be dismissed. Defendant was to be sentenced for the two burglaries to which he was to plead guilty; the sentence was to be suspended on condition that he serve ninety days in the county jail; while in the county jail, defendant was to be granted work release should he become employed and twenty-five percent of any money earned on work release was to be paid as restitution to defendant's victims.

The trial court accepted the plea and disposition agreement but deferred sentence for twenty-four months rather than imposing sentence and then suspending it. There is no claim that a deferred, rather than suspended, sentence was a rejection of the plea and disposition agreement. See *Eller v. State,* 92 N.M. 52, 582 P.2d 824 (1978).

Although sentence was deferred, the trial court ordered that defendant serve ninety days in the county jail "for the purpose of rehabilitation," with credit given for eleven days previously served, and with work release and restitution provisions as above stated. There is no claim that the provisions for jail time, work release and restitution to be paid from work release earnings were unauthorized probation conditions, or that these provisions were not reasonably related to defendant's rehabilitation. Section 31-20-6(E), N.M.S.A.1978 (1981 Repl. Pamph.); *State v. Gardner,* 95 N.M. 171, 619 P.2d 847 (Ct.App.1980); *State v. Holland,* 91 N.M. 386, 574 P.2d 605 (Ct.App. 1978). Nor is there a claim that revocation proceedings were barred because of the jail time provision. Thus, the applicability of *State v. Castillo,* 94 N.M. 352, 610 P.2d 756 (Ct.App.1980), which did not discuss § 31-20-6(E), supra, is not an issue.

### Alleged Waiver of a Probation Violation

Defendant did obtain employment and was released from jail during the day in order to work. Defendant was laid off work on November 16, 1979. Learning of this, his probation officer spoke to defendant, by telephone, on November 21, 1979 and told defendant to return to jail. Defendant did not return; a bench warrant was issued for defendant's arrest on December 4, 1979.

Although there was an all-points bulletin out on defendant, the warrant was never served. Local police picked up defendant on a disorderly conduct charge on March 15, 1980.

*State v. Murray,* 81 N.M. 445, 468 P.2d 416 (Ct.App.1970), states:

If there has been unreasonable delay in the issuance and execution of a warrant against a probation violator whose whereabouts is known or could be known with reasonable diligence, and the violator's return is possible, the probation authori-

ties, as a matter of law * * * have waived defendant's violations.

Defendant sought dismissal of the motion to revoke his deferred sentence. He did not claim there was unreasonable delay in issuance of the warrant for his arrest. His claim was that the delay in his arrest "establishes the State's waiver of the alleged probation violation."

There is no evidence that any effort was made to serve the bench warrant. The probation officer testified that she asked the sheriff's office "to bring him in" if defendant was seen in town, but this was on November 21, 1979, before the warrant was issued. There is evidence that defendant's mother knew where defendant could be located but did not disclose that information to probation authorities. There is also evidence that defendant was looking for work in the area, that he slept in a sleeping bag behind the National Guard Armory and went to his mother's house, about four blocks away, for food. In sum, a permissible inference from the evidence is that defendant's whereabouts could have been known with reasonable diligence. For the purpose of this appeal we assume that this was the only inference.

Although defendant's whereabouts could have been known if probation and police authorities had proceeded with reasonable diligence, this does not require a holding, as a matter of law, that the probation violation had been waived. Before waiver can occur, the delay must have been unreasonable.

Just as reasonable diligence is a factual matter, so is unreasonable delay. Only when these factual matters have been determined can waiver be decided as a matter of law. Reasonable diligence involves the activities of probation and law enforcement personnel. Delay, to be unreasonable, involves not only the time involved, but the effect of the delay upon defendant. Compare *State v. Tafoya*, 91 N.M. 121, 570 P.2d 1148 (Ct.App.1977); *State v. Lucero*, 91 N.M. 26, 569 P.2d 952 (Ct.App.1977). Thus, *State v. Brown*, 95 N.M. 3, 617 P.2d 1324 (Ct.App.1980) and *State v. Sanchez*, 94 N.M.

521, 612 P.2d 1332 (Ct.App.1980), in discussing delay, considered whether defendant had been prejudiced.

The evidence is that defendant knew that he was not supposed to be away from jail and "knew he had to face up." His mother testified that defendant was hiding. Defendant does not claim that he has been prejudiced by the delay. Under these circumstances, the trial court could properly consider the three-and-one-half-month delay not to be unreasonable.

Although the State did not proceed with reasonable diligence, there was no unreasonable delay. Thus, there was no waiver of the violation, and the trial court did not err in denying the motion to dismiss.

*Credit on Defendant's Sentence*

The trial court revoked the deferred sentence on April 8, 1980. Thereafter, various matters delayed imposition of sentence—diagnostic evaluations, bail proceedings, an appeal. Defendant was sentenced on January 28, 1981; the sentence was suspended. As a condition of probation, defendant was required to serve nine months in the county jail, again "for the purposes of rehabilitation", which was tied in with work release and restitution. The trial court's order provides: "Credit is given for all time previously served whether with the Grant County Jail or with the Department of Corrections."

Defendant contends this sentence was illegal because he was given credit only for time served in jail or under the auspices of the Department of Corrections. Defendant asserts he was sentenced as a fugitive, and that there is insufficient evidence to show that he was a fugitive.

Section 31–21–15(C), N.M.S.A.1978 (1981 Repl.Pamph.), provides:

If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that he has violated the provisions of his release, the court shall determine whether the time from the date of violation to the date of his arrest, or any part of it,

shall be counted as time served on probation.

*State v. Murray,* supra, states:

[T]he trial court's discretion to credit or disallow probation time from violation to arrest depends upon defendant being a fugitive from justice. Whether defendant was a fugitive requires a determination that the " * * * warrant for the return * * * [of defendant] cannot be served. * * * "

There is no finding that defendant was a fugitive from justice. However, there is nothing in the record indicating that defendant was not given all permissible credit. The "credit" provision in the sentence states that credit "is given" for jail time and time with the Department of Corrections. Does this mean that credit had already been given so that nine months were to be served, or does it mean that this time is to be credited against the nine-month sentence? Similarly, had probation time been taken into account so that the nine-month jail sentence applied after probation time credit was given? We do not know.

■ The appellate record does not show that any issue as to probation time credit was raised in the trial court. If defendant is of the view that he has not been given probation time credit, he may raise that issue in post-conviction proceedings. *State v. DeSantos,* 91 N.M. 428, 575 P.2d 612 (Ct.App.1978).

*Extending the Probation Requirements*

The original judgment deferred sentence for twenty-four months and placed defendant on probation. The length of probation was not stated. However, the length of probation could not exceed twenty-four months. Sections 31–20–5 and 31–20–9, N.M.S.A.1978 (1981 Repl.Pamph.).

After defendant's deferred sentence was revoked, sentence of not less than one nor more than five years was imposed, to be served with the Corrections Division of the Criminal Justice Department. That sentence was suspended and defendant was placed on probation for thirty-six months. A condition of probation was that he serve nine months in the county jail.

Defendant contends that both the thirty-six months probation and the nine months jail time imposed an unauthorized penalty because both the length of probation and the jail time were an increase over the provisions in his original sentence. Defendant relies on *State v. Castillo,* supra, which held: "Once a court has issued a valid original judgment and imposed sentence on a defendant, it cannot enlarge the sentence by increasing the penalty at a later date."

■ We agree with defendant that the trial court's sentencing authority is that which has been conferred by the Legislature. *State v. Crespin,* 633 P.2d 1238 (Ct. App.1981). We do not agree that the trial court's sentence was contrary to *State v. Castillo,* supra, nor do we agree that the sentence was unauthorized.

In *State v. Castillo,* supra, a sentence was imposed of not less than one nor more than five years in the penitentiary. The judgment continued: "Execution of all but Sixty (60) days of the sentence is deferred * * *." The use of "deferred" in connection with a suspended sentence is confusing. Section 31–20–3, N.M.S.A.1978 (1981 Repl. Pamph.), authorizes a trial court to either defer the imposition of sentence, or impose sentence and suspend execution of the sentence in whole or in part. When, in *Castillo,* supra, the trial court "deferred" execution of all but sixty days of the sentence that had been imposed, all but sixty days of the sentence had been suspended, not deferred.

This case involves a deferred sentence, not a suspended sentence. Inasmuch as *State v. Castillo,* supra, involved a suspended sentence, that decision did not deal with imposition of sentence after revocation of a deferred sentence. The sentence in this case is not contrary to *State v. Castillo,* supra.

Section 31–21–15(B), N.M.S.A.1978 (1981 Repl.Pamph.) states, in connection with a probation violator:

If imposition of sentence was deferred, the court may impose any sentence which might originally have been imposed * *.

This authority, in connection with deferred sentences, is to be compared with the authority for suspended sentences stated in § 31–21–15(B), supra:

[T]he court may continue or revoke the probation and may require the probationer to serve the balance of the sentence imposed or any lesser sentence.

Our decisions prohibiting an increase in the penalty, see *State v. Castillo*, supra and *State v. Crespin*, supra, were cases where there had been a suspended sentence, not with cases where the sentence had been deferred.

In this case the sentence had been deferred; that is, *no* sentence had been imposed. Once a probation violation was established, the trial court was authorized, by § 31–21–15(B), supra, to impose any sentence which might originally have been imposed. There is no claim that, in the original judgment, the trial court could not have imposed a thirty-six-month probation or that the trial court could not have imposed a nine-month jail term as a condition of probation tied to work release, restitution and rehabilitation.

The sentence imposed by the trial court's order of January 28, 1981, is affirmed.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.