653 P.2d 170

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Timothy M. KENNEMAN, Defendant-Appellant.**

**No. 5551.**

Court of Appeals of New Mexico.

Sept. 23, 1982.

Certiorari Denied Nov. 5, 1982.

Jeff Bingaman, Atty. Gen., Ralph W. Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Anthony James Ayala, Albuquerque, for defendant-appellant.

## OPINION

NEAL, Judge.

This appeal involves the statutes on sentencing, specifically those on suspension and deferment and those dealing with credit for time served on probation.

In 1981, defendant pleaded guilty to distribution of a controlled substance, methaqualone (Quaaludes), contrary to § 30–31–22(A)(2)(a), N.M.S.A.1978 (1980 Repl.). At sentencing, the trial court said:

It's the judgment and sentence * * * [that defendant] be contained in the Penitentiary of New Mexico for a period of two years, the execution of which will be deferred.

The written judgment and sentence adjudicated defendant guilty and "ordered that imposition of sentence be deferred for two (2) years, and [ordered] Defendant * * * to be placed on probation for two (2) years * * *."

As one condition of probation, defendant was to make monthly reports to the probation authorities. On August 1, 1981, defendant left the State. His report was due on August 5. He was arrested in Oregon on August 19 and brought back to New Mexico. Defendant's probation was revoked following a hearing. He was sentenced to three years' imprisonment with credit for 200 days served in presentence confinement and on probation. The trial court specifically found that defendant was not entitled to credit from August 5 to August 19.

Defendant appealed, raising a panoply of contentions attacking the imposition of a three-year sentence after the deferred was for a period of two years and raising an issue requesting credit for the 14 days denied to him by the trial court. After a series of dispositions by this Court and the Supreme Court which are not relevant to the issues raised in this appeal, we now affirm in part and reverse in part. We reject defendant's contentions attacking the imposition of a three year sentence. We grant his requested relief concerning the amount of credit to be added to his sentence.

■ The defendant's main attack on his three-year sentence is his assertion that the sentencing scheme for suspension and deferment is vague. A statutory scheme is not vague when persons of common intelligence do not have to guess at its meaning.

*State v. Montoya,* 91 N.M. 262, 572 P.2d 1270 (Ct.App.1977). Additionally, when considering a vagueness contention, the court disregards defendant's actual ignorance of the law. *Id.*

■ The New Mexico statutes prescribe certain sentences for different degrees of felonies. Section 31–18–15, N.M.S.A.1978 (1981 Repl.). For defendant's offense, a third degree felony, § 30–31–22(A)(2)(a), supra, the sentence is three years. Section 31–18–15(A)(3), supra. Once the defendant's plea was accepted and judgment entered, the court had four options. It could sentence the defendant and execute the sentence, committing him to prison. Section 31–20–2, N.M.S.A.1978 (1981 Repl.). It could commit the defendant for a sixty-day diagnostic term. Section 31–20–3(C), N.M.S.A.1978 (1981 Repl.). It could sentence the defendant and suspend the execution of the sentence. Section 31–20–3(B), N.M.S.A. 1978 (1981 Repl.). Or it could enter an order deferring the imposition of the sentence. Section 31–20–3(A), N.M.S.A.1978 (1981 Repl.).

■ If the court suspends the execution of sentence or defers the imposition of sentence, it must put the defendant on probation with conditions. Sections 31–20–5 and 31–20–6, N.M.S.A.1978 (1981 Repl.): *But see State v. Holland,* 91 N.M. 386, 574 P.2d 605 (Ct.App.1978). *See also* the effect of § 31–17–1 B, N.M.S.A.1978, decided in *State v. Gross,* 98 N.M. 309, 648 P.2d 348 (Ct.App.1982). In the case of a suspended sentence, if the defendant satisfactorily completes the term of suspension, he has satisfied his liability for the crime and may be eligible for pardon. Section 31–20–8, N.M.S.A.1978 (1981 Repl.). In the case of deferral of sentence, if the defendant satisfactorily completes the period of deferment, he has satisfied his liability for the crime and the charges shall be dismissed. Section 31–20–9, N.M.S.A.1978 (1981 Repl.). In the case of suspension, if probation is revoked, the court may require the defendant to serve the balance of the sentence previously imposed but suspended, or any lesser sen-

tence. Section 31–21–15(B), N.M.S.A.1978 (1981 Repl.); *State v. Reinhart,* 79 N.M. 36, 439 P.2d 554 (1968). In the case of deferral, if probation is revoked, the court may impose any sentence which might originally have been imposed. *Id. State v. Hernandez,* 97 N.M. 28, 636 P.2d 299 (Ct.App.1981).

Thus the difference between suspension and deferral is that suspension involves a sentence imposed while deferral does not. Suspension always subjects the defendant to criminal consequences, although he may be pardoned, while deferral ordinarily results in the charges being dismissed. With suspension, the sentence having been imposed, the court cannot later alter the sentence upwards. With deferral, no sentence having been imposed, the court may give any sentence it could originally have given. *Hernandez, supra.*

■ Although the trial court, at oral sentencing, appeared to confuse the language connoting suspension with the language connoting deferral, the written sentence was clearly a deferral under § 31–20–3(A), supra. Because it is the written sentence which controls, *Bouldin v. Bruce M. Bernard, Inc.,* 78 N.M. 188, 429 P.2d 647 (1967), the court, upon revocation, was allowed to impose any sentence which might originally have been imposed. Section 31–21–15(B), supra. Had defendant only been aware of the statutes, he would have known this. Under *State v. Montoya, supra,* he is deemed to be so aware. His vagueness challenge is without merit.

■ As a further challenge to the three-year sentence, defendant contends that he was never informed that he could receive such a sentence and he thought he could only receive two years. Counsel informs this Court that the foregoing facts were only related to him by the defendant following the hearing in the district court, but that defendant wanted to file an immediate appeal. Thus, there is no record to support defendant's claim that his guilty plea was involuntary. Matters not of record present no issue for review. *State v. Romero,* 87 N.M. 279, 532 P.2d 208 (Ct.App.1975). Moreover, the record that we do have indi-

cates that defendant pleaded guilty to the indictment freely, voluntarily, and with full knowledge of the consequences. He expressly denied that he was promised a deferred or suspended sentence or probation. On the state of this record, there is no issue concerning the voluntariness of his plea. *See State v. Lord,* 91 N.M. 353, 573 P.2d 1208 (Ct.App.1977).

■ Defendant finally contends that the imposition of a three-year sentence when sentencing was originally deferred for two years violates the prohibition on double jeopardy. Defendant's argument misapprehends the nature of deferral of sentence. As we noted when we reviewed the sentencing statutes, when sentence is deferred, no sentence is imposed. The first sentence imposed in this case was when defendant's probation was revoked. There was, thus, no double jeopardy.

The trial court would not give defendant credit for the time between when his latest probation report was due and when he was arrested in Oregon. On appeal, defendant seeks credit for these 14 days based on § 31–21–15(B), supra. The State grudgingly agrees, citing *State v. Murray,* 81 N.M. 445, 468 P.2d 416 (Ct.App.1970). *Murray* has been reconsidered and followed as recently as *State v. Hernandez, supra.*

Section 31–21–15(B), supra, provides:

If imposition of sentence was deferred, the court may impose any sentence which might originally have been imposed, but credit shall be given for time served on probation.

Section 31–21–15(C), supra, provides:

If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that he has violated the provisions of his release, the court shall determine whether the time from the date of violation to the date of his arrest, or any part of it, shall be counted as time served on probation.

A reading of § 31–21–15(B) and (C), supra, together, indicates that all time served on probation shall be credited unless the defendant is a fugitive. The statute makes no mention of successful probation; it only makes provision for deductions in a section dealing with fugitives. *Murray* states that if subsection (C) is applicable, "the amount of credit is not simply a computation of the elapsed time on probation." 81 N.M. at 448, 468 P.2d at 419. Thus, *Murray* implies that if (C) is not applicable, the amount of credit is simply the computation of elapsed time. Further, *Murray* states that "the trial court's discretion to credit or disallow probation time from violation to arrest depends upon defendant being a fugitive from justice." 81 N.M. at 448–49, 468 P.2d at 419–20. This language was written over 10 years ago and the legislature has not seen fit to give trial judges discretion to deny credit in other situations. We see no reason to reconsider *Murray*.

The State alternatively suggests that this matter be remanded to the trial court for a determination of defendant's fugitive status under § 31–21–15(C), *supra.* That defendant was a fugitive was never raised by the State in the trial court. Having never been raised in the trial court, we do not reach this issue. *See State v. White,* 94 N.M. 687, 615 P.2d 1004 (Ct.App.1980).

The order revoking probation and imposing a three-year sentence is affirmed. The cause is remanded to the trial court with instructions to add 14 days to the amount of credit for time served.

IT IS SO ORDERED.

WALTERS, C.J., and DONNELLY, J., concur.