694 P.2d 927

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Raymond CHAVEZ, a/k/a Ramon Chavez, Defendant-Appellant.**

**No. 7755.**

Court of Appeals of New Mexico.

Jan. 15, 1985.

Thomas J. Clear, III, Clear & Clear, P.A., Albuquerque, for appellant.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals from an order revoking his probation, setting aside his suspended sentence and imposing the original sentence of nine years imprisonment. Two issues are presented on appeal: (1) whether the revocation of defendant's suspended sentence was barred for failure to commence revocation proceedings within a rea-

sonable time; and (2) whether revocation proceedings were premature pending a final decision on defendant's appeal in federal court. We affirm.

Defendant was convicted in July 1982 of trafficking in heroin and sentenced to nine years in the state penitentiary. The trial court suspended the sentence and placed the defendant on five years supervised probation on the condition that he obey all rules, regulations, and orders of the probation authorities, and observe all federal, state and city laws or ordinances.

On September 15, 1983, defendant was arrested on federal drug charges. Following a jury trial, defendant was convicted in federal court of conspiracy to distribute heroin and possession with intent to distribute heroin. Defendant posted a $100,000 surety bond with the federal court pending his appeal of the federal charges to the 10th Circuit Court of Appeals. On January 13, 1984, the day after defendant's conviction, he was arrested by state authorities pursuant to a motion to revoke his probation. The state court set his bond at $200,000 for the alleged probation violations and he was unable to post the bond.

The motion to revoke probation charged that defendant had violated three provisions of his probation: (1) commission of the offense of possession with intent to distribute heroin on September 15, 1983; (2) possession of a narcotic drug on September 15, 1983; and (3) failing to report his September 15, 1983 arrest to the probation department within seventy-two hours.

An evidentiary hearing on the motion to revoke defendant's probation was held on February 10, 1984, in state court. At the conclusion of the hearing the court found that defendant violated two provisions of his probation; 1) conviction in federal court of possession with intent to distribute heroin; and 2) conviction in federal court of possession of a narcotic drug. The trial court dismissed the third charge that defendant had violated a term of his probation by failing to report his arrest for the federal drug charges to his state probation officer.

As a result of these findings, the trial court revoked defendant's probation and ordered that he serve the original sentence of nine years, with credit for time served due to his arrest on the probation violations.

## I. TIMELINESS OF REVOCATION PROCEEDINGS

Defendant challenges the validity of the proceedings to revoke his probation on the grounds that revocation proceedings were not timely commenced immediately following his September 15, 1983 arrest.

Defendant contends that the delay in the initiation and prosecution of the probation revocation proceedings, amounting to approximately five months, was unreasonable and prejudicial. In support of his claim of prejudice, defendant asserts that had he been charged with the alleged probation violations prior to his January 1984 trial in federal court, he would have handled plea negotiations differently with the federal prosecutor. Defendant does not explain what changes he would have made in plea bargaining. Defendant also asserts that he would not have spent the nonrefundable $10,000 to post bond in the federal case had he known the state was going to bring probation revocation proceedings against him. Of course, defendant was aware the violation of federal laws could bring about that result.

Although there are no specific mandatory time limits imposed by court rule or statute in New Mexico for instituting and prosecuting a probation revocation proceeding, the proceedings must be held within a reasonable time after probation authorities become aware of an alleged violation of defendant's probation or after the probationer is taken into custody. *State v. Murray*, 81 N.M. 445, 468 P.2d 416 (Ct. App.1970). Prosecutors may press for revocation of a probationer's probation before or after his trial on related charges. *See also People v. Coleman*, 13 Cal.3d 867, 120 Cal.Rptr. 384, 533 P.2d 1024 (1975) (in banc).

The time constraints of the speedy trial rule and the constitutional right under the state and federal constitutions to a speedy trial are inapplicable to probation revocation proceedings. *State v. Sanchez*, 94 N.M. 521, 612 P.2d 1332 (Ct. App.1980); *see also* NMSA 1978, Crim.P.R. 37 (Cum.Supp.1984); N.M. Const. art. II, § 14; U.S. Const. amend. VI. However, delay in the institution and prosecution of probation revocation proceedings along with a showing of prejudice to the probationer, may constitute a denial of due process, thereby requiring the state to waive any right to revoke defendant's probation. *State v. Chavez*, 94 N.M. 102, 607 P.2d 640 (Ct.App.), *cert. denied*, 94 N.M. 629, 614 P.2d 546 (1979); *State v. Brown*, 95 N.M. 3, 617 P.2d 1324 (Ct.App.1980); *State v. Murray*.

On a proper showing that probationer, by inordinate delay between finding out about the probation violation and notice of the arrest, or a delay between the arrest and the probation revocation hearing, has suffered some prejudice not brought about by his own fault or lack of diligence, may result in a waiver by the state of the probationer's violations. *State v. Sanchez*. The burden of showing actual prejudice by delay in the initiation or prosecution of proceedings to revoke probation rests upon the probationer.

Delay in seeking revocation of a probationer's parole until the disposition of other pending charges against probationer is permissible where the probationer is not prejudiced by the delay. *See People v. Powell*, 89 Ill.App.3d 801, 45 Ill.Dec. 11, 412 N.E.2d 47 (1980). However, "[c]onviction of a subsequent offense is not a prerequisite for revocation of probation." *Maes v. State*, 84 N.M. 251, 252, 501 P.2d 695, 696 (Ct.App.1972). The reasonableness of the state's delay in petitioning for revocation is measured on a case-by-case basis. *See State v. Hernandez*, 97 N.M. 28, 636 P.2d 299 (Ct.App.1981); *see also People v. Smithson*, 65 Ill.App.3d 564, 22 Ill.Dec. 216, 382 N.E.2d 536 (1978).

The factors to be considered in determining whether a probation revocation hearing is brought within a reasonable time are the length of the delay, the reasons for the delay, and prejudice, if any, to the defendant resulting from the delay. The defendant's failure to request an earlier hearing or his contribution to the delay may also be considered. *State v. Sanchez; State v. Murray; Commonwealth v. Honeyblue*, 276 Pa.Super. 107, 419 A.2d 118 (1980).

Delaying the initiation and hearing of defendant's probation violation until after the trial by federal authorities for the charges that are the basis of the alleged parole violation did not result in a showing of prejudice or oppression to the defendant. Defendant made no showing that he demanded an earlier hearing, was unable to call necessary witnesses on his behalf, or that any of the witnesses had trouble remembering any of the critical events surrounding the events relevant to the revocation proceedings. Under the facts, we find no prejudice.

## II. CLAIM OF PREMATURE PROBATION REVOCATION

The defendant argues in the alternative that the state acted prematurely in initiating and prosecuting probation revocation proceedings against him prior to the determination of his appeal of the federal court convictions for drug trafficking and possession. Other jurisdictions which have considered this issue are not in agreement. *See* Annot., 76 A.L.R.3d 588 (1977).

We determine that the better reasoned rule mandates that the pendency of an appeal by a defendant in a criminal case does not affect the power of the state to prosecute probation revocation proceedings against a probationer for the commission of a criminal offense while on parole. *E.g. Maes v. State*. In this state, a prosecutor may press for revocation of probation either before or after a probationer's trial on related criminal charges. The trial court did not err in revoking or refusing to stay probation revocation proceedings until

defendant's appellate remedies were exhausted. *See Roberson v. State of Connecticut,* 501 F.2d 305 (2d Cir.1974); *People v. Salazar,* 39 Colo.App. 409, 568 P.2d 101 (1977), *cert. denied,* 434 U.S. 1039, 98 S.Ct. 779, 54 L.Ed.2d 789 (1978).

A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review.

*Roberson v. Connecticut,* 501 F.2d at 308.

Defendant relies upon cases from Oklahoma which hold that criminal convictions pending on appeal are not final and cannot be relied upon as a basis to revoke a defendant's probation. *Kern v. State,* 521 P.2d 412 (Okl.Cr.1974). We decline to follow this line of authority.

As noted in 76 A.L.R.3d 588, 590 (1977), "[g]enerally ... a revocation of probation for a subsequent criminal conviction is proper, notwithstanding that the conviction is subject to appeal." *Compare* III *American Bar Association Standards for Criminal Justice,* § 18–7.5(f), at 525 (1982). A conviction even though on appeal, constitutes a sufficient basis for revocation of a defendant's probation. *State v. Barnett,* 112 Ariz. 212, 540 P.2d 684 (1975) (in banc); Annot., 76 A.L.R.3d 584 (1977); *Roberson v. Connecticut.*

The order revoking defendant's probation is affirmed.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.