This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,512**

**ANGELA TROUT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Sandra A. Grisham, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

D.L. Bradley, Assistant Appellate Defender
Alamogordo, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals the district court's order revoking probation and imposing the prior deferred sentence of confinement. This Court's first notice proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm.

Defendant argues that there was no sentence pending at the time the petition for revocation of probation was filed, nor at the time of sentencing for the probation violation. Thus, Defendant argues that the sentence imposed as a result of the probation violation constituted an increase in Defendant's punishment. [MIO 4] Because this determination depended upon factual findings that Defendant committed the offenses charged, Defendant asserts that her rights to a trial by jury, to remain silent, to confront the witnesses against her, and to present witnesses on her behalf were violated. [MIO 7-8] Defendant contends her rights under *Ring v. Arizona,* 536 U.S. 584 (2002), were violated because the State increased her punishment based on findings of fact not found by a jury beyond a reasonable doubt.

We disagree with Defendant's reliance on *Ring* because the facts in that case are distinguishable. *Ring* involved a finding of aggravating circumstances by the trial judge following a determination of guilt by a jury for first-degree murder,

which resulted in a death sentence. *Id.* at 609. The Supreme Court held in *Ring* that allowing a sentencing judge, alone, to find an aggravating circumstance necessary for imposition of the death penalty violates the Sixth Amendment right to a jury trial. *Id.* In this case, Defendant was on probation with a deferred sentence for the child abuse charges. One of the conditions of probation was that she not violate New Mexico law. [RP 74] The State needed only to prove to a reasonable certainty that Defendant violated a condition of probation. *See State v. Parsons,* 104 N.M. 123, 127, 717 P.2d 99, 103 (Ct. App. 1986) (stating that a violation of a condition of probation need not be proved beyond a reasonable doubt). The first notice proposed to conclude that the State met its burden of proving to a reasonable certainty that Defendant violated the law by committing the crime of embezzlement. Defendant did not challenge the evidence presented at the hearing to prove that she committed embezzlement. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

Furthermore, the hearing on a probation revocation "is not a trial on a criminal charge," but rather a determination of whether the defendant has breached the probation order. *State v. Sanchez,* 94 N.M. 521, 523, 612 P.2d 1332, 1334 (Ct.

App. 1980).  Consequently, a defendant is not entitled to the same rights guaranteed in a trial on criminal charges.  In addition, the jail sentence had already been imposed at the previous sentencing hearing for the child abuse charges, but was just deferred.  [RP 76]  Therefore, the imposition of a jail sentence for the probation violation did not constitute an increase in punishment entitling Defendant to a jury trial.

For these reasons, and those stated in the first notice, we affirm the district court.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**

4