This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                       **NO. 30,134**

**RICHARD JACKSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

    Defendant appeals from an order revoking his probation. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has timely filed

a memorandum in opposition. We have considered Defendant's arguments, and as we are not persuaded by them, we now affirm.

Defendant contends that the district court erred in refusing to dismiss the State's motion to revoke Defendant's probation. [DS 4] Defendant claims that the district court erred in denying his motion to dismiss because the recommendation to revoke Defendant's probation was not timely served on the district attorney in accordance with Rule 5-805(E) NMRA. [DS 3] That rule requires that "[i]f there is a recommendation that probation be revoked, within five (5) days of the arrest of probationer the probation office shall submit a written violation or a summary report to the district attorney and the court describing the essential facts of each violation." *Id.* As Defendant's argument relies on the interpretation of a rule of procedure, our review is de novo. *See State v. Lohberger*, 2008-NMSC-033, ¶ 18, 144 N.M. 297, 187 P.3d 162.

Defendant's docketing statement indicates that he was arrested on August 24, 2009, but the district attorney's office was not served until September 4, 2009, eleven days after the arrest. [DS 2-3; *but see* RP 125-26 (indicating that the district attorney's office was not served until September 8, 2009—fifteen days after the arrest)] Defendant asserts that dismissal was required because the district attorney's office was not served within five days as required by the rule. [DS 3]

In this Court's notice of proposed summary disposition, we proposed to find no error. There is nothing in the rule that would suggest that dismissal is appropriate when the district attorney is not served within the required period. *Cf.* Rule 5-805(L) (providing that dismissal with prejudice is required "[i]f an adjudicatory hearing on the alleged probation violation is not held within the time limits prescribed by this rule"). Here, Defendant does not allege that the failure to timely serve the district attorney caused his adjudicatory hearing to be held beyond the prescribed time limits, and he does not assert that he was in any other way prejudiced by the delay. *See State v. Chavez*, 102 N.M. 279, 282, 694 P.2d 927, 930 (Ct. App. 1985) (indicating that a delay in a probation revocation proceeding will only violate due process if the probationer can establish that the delay prejudiced him). As Defendant's memorandum in opposition does not provide any argument or authority that would convince this Court that a violation of Rule 5-805(E) necessarily requires dismissal of the motion to revoke probation, we hold that the district court did not err in refusing to dismiss the motion on this basis.

Defendant also argues that the revocation of his probation was improper because NMSA 1978, Section 31-21-15(A)(3) (1989), requires that an arresting officer have written notice of a probation violation, and here, the officer who arrested Defendant only had oral notice. [MIO 6-7] We do not address this separate argument

3

because it was not squarely raised by Defendant's docketing statement, which framed the sole issue on appeal as follows: "The probation office did not follow the statutory mandate to submit a written violation or summary report to the district attorney within five days of the probationer's arrest." [DS 4] Furthermore, Defendant does not appear to have preserved in the district court any separate argument regarding written notice to the arresting officer. [DS 3 (stating that the motion in the district court was based on Rule [5]-805(E)); RP 125-26 (relying solely on Rule 5-805(E))] We find no error in the district court's failure to dismiss the motion to revoke probation on a basis that Defendant did not argue below.

**CONCLUSION**

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**

4

_____

**ROBERT E. ROBLES, Judge**