54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kevin Eddy BUMGARNER, Petitioner,
v.
John MIDDLETON, Attorney General of the State of Oklahoma, Respondent.
 No. 94-7003.
(D.C. No. CV-93-279)
 United States Court of Appeals, Tenth Circuit.
 May 10, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner's suspended state sentences were revoked by an Oklahoma state court upon a finding that Petitioner committed second degree burglary of his former wife's home in violation of the conditions of the suspended sentences. Following an unsuccessful state appeal, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. 2254, seeking release from state custody imposed when his suspended sentences were revoked. He asserted violation of his due process rights under the Constitution. See Morrissey v. Brewer, 408 U.S. 471 (1972). The United States District Court denied the petition, but issued a certificate of probable cause.
 
 
 4
 Petitioner appeals claiming his suspended sentences should not have been revoked because a "preponderance of the evidence" did not establish that he committed the burglary. Also, he asserts that he received ineffective assistance of counsel at his revocation hearing. Petitioner appealed the order revoking his suspended sentences to the Oklahoma Court of Criminal Appeals on the ground of insufficient evidence, thereby exhausting his state court remedies on that issue. 28 U.S.C. 2254(b).
 
 
 5
 The evidence at the revocation hearing established that on February 4, 1991, someone broke into Molly Bumgarner's home while she was away and took several personal items from her bedroom. The stereo in her bedroom was vandalized. Nothing in the rest of the house was disturbed. A neighbor testified that she saw Petitioner leave Molly Bumgarner's home at about midnight on February 4, 1991. Petitioner denied burglarizing his former wife's residence, and claimed the charges were part of his former wife's plan to deny him visitation with their son. The state trial court at the revocation hearing assessed the credibility of the witnesses, and concluded the neighbor had seen Petitioner leave the house at the time in question. That court also determined that the nature of the burglary strongly indicated it had been perpetrated by a former husband. Thus, he ordered revocation of Petitioner's suspended sentences.
 
 
 6
 Before the revocation hearing was held, criminal charges were brought against Petitioner based on the same incident. He was acquitted by the jury. Thus, we have a comparison of the proof required for a revocation of a suspended sentence and for a criminal conviction.
 
 
 7
 It is well settled that a defendant facing parole revocation is not entitled to the full panoply of rights he would receive when subject to criminal prosecution. Morrissey, 408 U.S. at 481. Requirements of due process with regard to revocation of a suspended sentence are likewise not as broad as those provided a defendant in a criminal trial. In this context we look not only to the standard of proof utilized by a state in determining the need to return a state defendant to custody, we also look to the defendant's opportunity to be heard, the presentation of evidence warranting the reestablishment of custody, and the presence of a neutral and detached decisionmaker. Morrissey, 408 U.S. at 489.
 
 
 8
 There is nothing to indicate that requirements of due process were not met in the instant action. Revocation of Petitioner's suspended sentence occurred in state trial court following the presentation of evidence by the state and by Petitioner. The decision was reviewed in the state appellate court. This procedure goes beyond that established by Morrissey, which merely requires a hearing by an impartial board that need not consist of judicial officers or lawyers. Further, Petitioner's due process rights were not violated by application of the preponderance of the evidence standard of proof. There is no support for the contention that the standard must be anything higher than a preponderance of the evidence. See Morrissey, 408 U.S. at 490 (revocation of parole is proper when supported by reasonable grounds); Morishita v. Morris, 702 F.2d 207, 210 (10th Cir.1983) (probation revocation is based on a "preponderance of the evidence rather than proof beyond a reasonable doubt"); Fleming v. State, 760 P.2d 206, 207 (Okla.Crim.App.1988) (proof required to revoke suspended sentence is preponderance of evidence that accused violated terms of his suspension). The state is not required to demonstrate beyond a reasonable doubt that a defendant committed the crime upon which revocation of his suspended sentence is based. Due process requirements are met on this issue if it can be shown by a preponderance of the evidence that Petitioner committed the burglary.
 
 
 9
 Again, this habeas petition is not directed to a typical state criminal conviction. It concerns the revocation of a state suspended sentence after a hearing under state law by a judge on a petition filed by a prosecutor. The question at this hearing was whether there was sufficient evidence under state law that Petitioner had committed a crime in violation of the suspended sentence regardless of whether he had been acquitted at a formal trial for the same crime.
 
 
 10
 The testimony of Molly Bumgarner and her neighbor at the revocation hearing established the elements of second degree burglary of the home, and identified Petitioner as the burglar. Under Oklahoma law, the relevant elements of second degree burglary are breaking and entering a building in which any property is kept with intent to steal any property therein. Okla. Stat. tit. 21, 1435. The state trial court did not believe Petitioner's testimony, but instead adopted the testimony of Molly Bumgarner and her neighbor. The state trial court's determinations of credibility are presumed correct under 28 U.S.C. 2254(d). Marshall v. Lonberger, 459 U.S. 422, 434 (1983). Thus, accepting the state trial court's credibility determinations, the revocation hearing established by a preponderance of the evidence that Petitioner committed the burglary. No violation of Petitioner's due process rights were shown. Accordingly, the federal district court correctly denied the petition for writ of habeas corpus.
 
 
 11
 Petitioner also claims his attorney at the state revocation hearing provided ineffective assistance of counsel. Although the record is not altogether clear as to whether Petitioner may have exhausted state court remedies on this claim, "it is appropriate for a federal appellate court to address the merits of unexhausted 2254 federal habeas corpus claims if they obviously fail to raise a colorable federal claim, and if the interests of justice would be better served by addressing the merits of the habeas petition." Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992). This approach is designed to avoid "a belated application of the exhaustion rule [that] might simply require useless litigation in the state courts." Granberry v. Greer, 481 U.S. 129, 133 (1987).
 
 
 12
 Petitioner argues his state revocation hearing attorney was ineffective because he should have called more witnesses to testify at the revocation hearing. Petitioner asserts that the witnesses not called would have established his innocence. He does not, however, identify any of the witnesses or indicate what their testimony would have been. It is obvious that Petitioner's claims cannot meet the test of Strickland v. Washington, 466 U.S. 668 (1984), to establish a claim of ineffective assistance of counsel. Under Strickland, Petitioner must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. Id. at 687. Petitioner has made no showing of either deficient performance or prejudice, except to conclude that he would have been proven innocent if unidentified witnesses had been called to testify. Therefore, Petitioner has not met his burden to allege sufficient facts to support his claim of ineffective assistance of counsel. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (petitioners, including those proceeding pro se, must "allege[ ] sufficient facts on which a recognized legal claim could be based;" conclusory allegations will not suffice).
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470