**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDDIE PEREZ,

        Petitioner-Appellant,

v.

TIM LEMASTER, Warden,
New Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 00-2487
(D.C. No. CIV-98-574-M)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks review of the denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. We earlier granted a certificate of appealability directing appellee to respond to the issues raised. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

In 1995, petitioner was convicted in state court, following his guilty plea, to two counts of aggravated burglary. He was sentenced to nine years' incarceration on each count, to run concurrently, with all but 364 days of the sentence suspended. Five years' probation was also ordered, and petitioner was released on probation in August of 1996. Approximately a month later he was arrested and charged with receiving stolen property. The state moved to revoke probation, alleging that petitioner had violated the probation condition that he not violate any laws or ordinances of the state or municipalities of New Mexico or any other state or federal laws.

In June of 1997, the trial court conducted a probation revocation hearing, following which probation was revoked and the original sentence reimposed. The state then entered a nolle prosequi on the criminal case, stating that because petitioner had been sentenced based on his probation revocation, it was "in the best interest of justice" not to further prosecute the receipt of stolen property

charge. R., Vol. II, at 170. The New Mexico Court of Appeals affirmed the trial court's probation revocation order, and the New Mexico Supreme Court denied certiorari.

Proceeding pro se in federal district court, petitioner alleged that his conviction was based on an "unlawfully obtained" guilty plea, the prosecution failed to disclose favorable evidence because there was never any intent to prosecute the receipt charge , and he received two sentences for the same crime (first five years' probation, then, following revocation, a nine-year sentence). The district court subsequently appointed counsel, whose memorandum brief rephrased the issues as whether petitioner was denied due process because his guilty plea was invalidly obtained and because the trial court allowed the state to proceed first on the probation revocation charge (with a lesser burden of proof) and then to dismiss the criminal charge once probation was revoked, and whether his right to be free from double jeopardy was violated when the trial court imposed a sentence of incarceration after the revocation hearing.

The magistrate judge recommended denying the petition, determining that the state record reflected that petitioner's guilty plea was voluntary, that the alleged failure to disclose favorable evidence was conclusory, that conviction of a subsequent offense was not necessary under New Mexico law to support

-3-

probation revocation, and that under state law, the trial judge had discretion to order service of the original sentence.

In his objections to the magistrate judge's report, petitioner alleged, for the first time, that the state trial judge's findings "were inadequate to support a finding by a preponderance of the evidence" that petitioner had committed the offense of receiving stolen property. R., Vol. I, doc. 35, at 2. Petitioner further contended that the state violated his due process rights by not establishing each element of the offense of receiving stolen property by a preponderance of the evidence. The district court adopted the magistrate judge's recommendation and denied the petition.

In his opening brief on appeal, petitioner argues that the state trial and appellate decisions resulted from unreasonable factual determinations, and that the state courts unreasonably applied the governing legal principles to the facts. Appellant's Br. at 12. See 28 U.S.C. § 2254(d)(1). Petitioner contends that the merits of his procedural due process claim are governed by Morrissey v. Brewer, 408 U.S. 471, 487-89 (1972) (parole revocation) and Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (extending Morrissey's requirements to probation revocation) and that his substantive due process claims are governed by Douglas v. Buder, 412 U.S. 430, 431-32 (1973).

-4-

Specifically, petitioner attacks the factual statement in the trial court's judgment revoking parole that petitioner had admitted violating the terms and conditions of his probation as erroneous, claiming he had consistently denied violating his probation. Petitioner also attacks the state court of appeals' decision as containing numerous factual inaccuracies. He reiterates his contention that the state was obligated, as part of the revocation proceeding, to establish the elements of receiving stolen property and to prove each element by a preponderance of the evidence.

In response, the state contends that the New Mexico Court of Appeals relied on the factual statements in petitioner's docketing statement (prepared by petitioner's probation revocation attorney) filed in that court, which appellate counsel, who was different, did not challenge. The state further maintains that the revocation hearing complied with the requirements of Morrissey and Gagnon and that New Mexico law requires only reasonable certainty to establish a probation violation such as would satisfy the conscience of the court as to the truth of the violation.

In his reply brief, petitioner for the first time challenges the summary calendar procedures employed by the New Mexico Court of Appeals as unreasonable because there is no transcript of proceedings available in cases assigned to that calendar. He contends that state appellate counsel "had no way to

-5-

determine whether the facts in the docketing statement were correct." Appellant's Reply Br. at 4. The lack of access to trial tapes or transcripts allegedly "raises serious due process concerns insofar as it requires the parties to argue and the court to decide sufficiency-of-the-evidence claims without examination of the evidence presented." Id. at 5. Although claiming that the efforts of trial and appellate counsel were hindered, petitioner does not allege ineffectiveness of either attorney.

II

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, when a claim has been adjudicated in state court, a petitioner may obtain federal habeas corpus relief only if the state court decision "'was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Walker v. Gibson, 228 F.3d 1217, 1225 (10th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(1), (2)), cert. denied, 121 S.Ct. 2560 (2001)). The writ may be granted only if the state court's decision reached a conclusion opposite to the Supreme Court's on a legal question, decided the case differently than the Supreme Court had on

materially indistinguishable facts, or unreasonably applied governing legal principles to the facts of petitioner's case.     Id.  State court factual findings are presumptively correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence.     Id.

At the outset we outline the issues properly before us and those which are not.  Petitioner did not pursue on appeal his challenges to his guilty plea to the underlying aggravated robbery or his claim that his sentence following probation violated double jeopardy principles.  These issues, then, are waived.     See Pallottino v. City of Rio Rancho   , 31 F.3d 1023, 1026 n.2 (10th Cir. 1994) (issues not briefed on appeal deemed waived).  In addition, we decline to consider petitioner's challenge to the summary calendar procedures employed by the New Mexico Court of Appeals.  Petitioner's state appellate counsel did not complain of the procedure, nor was the issue raised either in district court or in petitioner's opening brief.  This issue, too, is waived.     See Coleman v. B-G Maintenance Mgt. of Colo., Inc.   , 108 F.3d 1199, 1205 (10th Cir. 1997) (not sufficient to mention issue in reply brief; issues not raised in opening brief deemed waived).  What remains is petitioner's claim that his federal due process rights were violated by the revocation of his probation.

III

The facts surrounding petitioner's arrest for receiving stolen property are taken from his briefs, except where the revocation hearing testimony indicates otherwise. At about 12:20 a.m. on September 3 or 4, 1996, police were called to a residential neighborhood to investigate a resident's complaint of two males looking around the resident's house and that of a neighbor. The males had knocked on the resident's door asking for someone who did not live there. Petitioner admitted driving a tan pickup truck to the neighborhood; the pickup was ultimately found to contain cash, a stolen VCR and stereo (or CD player), and a photograph of the burglary victim's daughter. [1]

Petitioner testified he had spent the day with his niece Gina and her boyfriend and that at some point late in the evening a friend of Gina's, Albert Flores, [2] asked petitioner for a ride home. Petitioner borrowed Gina's pickup, and when he entered the pickup, he claims that Flores, the VCR, and the stereo were already in the cab. Flores directed petitioner to drive to a residential neighborhood

---

[1]    The stolen property had ben taken from a residence about four blocks away sometime between August 29 and September 3, while that resident was out of town.

[2]    In his opening brief petitioner describes Flores, a juvenile, as Gina's boyfriend. Other references, including petitioner's testimony, describe Flores as a friend who showed up at Gina's sometime during the early hours of September 4. We note this minor discrepancy because it is one of many equally inconsequential factual inaccuracies that have plagued this case.

because he, Flores, was looking for a friend.    Id.  According to police Sergeant Sosa, two neighbors reported petitioner and Flores looking around their houses. Petitioner testified that he and Flores had knocked at one house and were on their way to another when the police arrived.    Sergeant Sosa also testified that one resident (Ms. Oliver) had described the males' activities as "rummaging around" her neighbor's house, meaning going around the bushes and moving garden hoses. Appellee's Br. at 12.  Ms. Oliver also reported that petitioner and Flores were looking around her house until they got to her window and saw her watching them (while she was on the phone talking to the police).    Id.  Petitioner and Flores were questioned at the scene, and petitioner was arrested on an unrelated warrant. Appellant's Br. at 8.  Petitioner was subsequently bound over for trial on the criminal charge of receiving stolen property.  That trial was scheduled to follow the revocation hearing, at which probation was revoked.

IV

In attempting to meet the AEDPA requirements, petitioner claims the decision of the New Mexico Court of Appeals was based on numerous factual inaccuracies and that the docketing statement filed by trial counsel differed from

-9-

the revocation hearing tapes.[3] Petitioner contends that the docketing statement stated that "[f]acts were developed at the revocation hearing showing that Mr. Flores admitted he stole the property in the pickup and reported that [petitioner] did not know the property was stolen and was not involved in the theft," when in reality, "Flores did not testify at the revocation hearing," and "[no] witnesses testified about his admissions or statements." Appellant's Reply Br. at 4. Our review of the state court docketing statement reflects that evidence surrounding the Flores admission was explored at petitioner's preliminary hearing, not the revocation proceeding. See R., Vol. II, at 159-60. Moreover, contrary to petitioner's claim, his own attorney stated at the revocation hearing that Flores had admitted to the charges which petitioner was alleged to have committed. These minor discrepancies do not rise to the level of an "unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(2).

Petitioner does point to the trial judge's statement in the revocation judgment that petitioner "admitted he has violated the terms and conditions of the probation heretofore entered," R., Vol. II, at 145, claiming, as he did in the

---

[3] For example, Gina is listed in the docketing statement as petitioner's sister; she is in fact his niece. Flores supposedly asked for a ride to find a friend, whereas the docketing statement lists this person as Flores' cousin. The docketing statement also listed Sergeant Sosa as the arresting officer when in fact he was not.

-10-

New Mexico Court of Appeals, that he has vigorously *denied* having any connection to the stolen property. However, the state court of appeals did not rely on this alleged admission in concluding that petitioner had failed to persuade that court that "the evidence was insufficient to support a revocation of his probation on the grounds that he committed the crime of receiving stolen property." R., Vol. I, doc. 1, ex. 2.

Moreover, we note that the statement that petitioner had admitted to violating probation does not refer to any particular condition, such as violating state or federal laws. We also note that petitioner did admit to violating the probation condition forbidding the consumption of alcohol, knowing he was not allowed to do so. See R., Vol. II, at 117, ¶ 11 ("You shall not use or consume alcoholic beverages . . . ."). At the revocation hearing he testified that on the day of his arrest he "drank a lot of beer." Thus we cannot agree that the statement regarding an admitted probation violation is even factually incorrect.

V

The crux of petitioner's legal argument, then, is that the state was obligated to, but did not, prove the elements of the criminal charge of receiving stolen property by a preponderance of the evidence, an issue first raised in his objections to the magistrate's report and recommendation.

-11-

In support of this claim, petitioner cites New Mexico cases describing the burden of proof needed in a criminal context to establish receipt of stolen property.  See, e.g., State v. Sizemore, 858 P.2d 420, 423 (N.M. Ct. App. 1993). He further argued, as he does on appeal, for the general proposition that probation or parole revocation "based on commission of a crime requires proof by a preponderance of the evidence of each element of that crime."

The cases cited by petitioner are simply inapposite.  United States v. Stephenson, 928 F.2d 728 (6th Cir. 1991) and  United States v. Myers, 896 F. Supp. 1029 (D. Or. 1995) involved revocation of supervised release under federal law, which is governed by the requirements of 18 U.S.C. § 3583(e)(3), and requires finding a supervised release violation by a preponderance of the evidence. United States v. Flynn, 844 F. Supp. 856, 860 (D. N.H. 1994) involved numerous federal probation violations in which the court simply noted that its findings were made on a preponderance of the evidence.  Finally,  Bumgarner v. Middleton, No. 94-7003 1995 WL 275718 at *2 (Okla.) (May 10, 1995) recites that the question at an Oklahoma revocation hearing is whether a preponderance of the evidence established that petitioner had committed a crime.  Bumgarner, of course, is an unpublished decision, and therefore not binding precedent, "except under the doctrines of law of the case, res judicata, and collateral estoppel."  10th Cir. R. 36.3.  We have, however, formally recognized Oklahoma's preponderance of

the evidence standard. See United States v. Cantley, 130 F.3d 1371, 1376 (10th Cir. 1997). Petitioner cites to no New Mexico authority for his preponderance of the evidence theory, nor have we found any.

Petitioner's citation to Douglas, 412 U.S. 430 (1973), is likewise unpersuasive. In Douglas, petitioner's probation was revoked because he had failed to report the issuance of a traffic citation, allegedly in violation of a probation requirement to report all arrests without delay. However, under appropriate state law, petitioner was not arrested because of the traffic citation. Hence the Court's conclusion, that the state court's determination that petitioner had violated probation "by failing to report 'all arrests . . . without delay' was so totally devoid of evidentiary support as to be invalid under the Due Process Clause of the Fourteenth Amendment," id. at 432, is not applicable to petitioner's situation. Here, petitioner was arrested and charged with receiving stolen property. That he was ultimately not tried on that charge is not determinative of the probation revocation issue. See Maes v. State, 501 P.2d 695, 696 (N.M. Ct. App. 1972) (conviction of subsequent offense not prerequisite for probation revocation.) In addition, a prosecutor may press for revocation "either before or after a probationer's trial on related criminal charges." State v. Chavez, 694 P.2d 927, 930 (N.M. Ct. App. 1985).

-13-

Under New Mexico law, a probation revocation proceeding is analogous to an administrative hearing, not part of a criminal prosecution. See State v. DeBorde, 915 P.2d 906, 908 (N.M. Ct. App. 1996). The hearing is "'to determine whether, during the probationary or parole period, the defendant has conformed to or breached the course of conduct outlined in the probation or parole order.'" State v. Foster, 965 P.2d 949, 950 (N.M. Ct. App. 1998) (quoting State v. Sanchez, 612 P.2d 1332, 1334 (N.M. Ct. App. 1980)). The degree of proof required to establish a probation violation is

> such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt. In such a hearing if the evidence inclines a reasonable and impartial mind to the belief that the defendant had violated the terms of his probation, it is sufficient. A hearing of this character is not a trial on a criminal charge, but is a hearing to judicially determine whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation.

State v. Brusenhan, 438 P.2d 174, 176 (N.M. Ct. App. 1968) (further citation omitted).

Moreover, probation revocation proceedings are not directed at punishing the original criminal activity, but rather to "reassess whether the petitioner may still be considered a good risk." In re Lucio F.T., 888 P.2d 958, 959 (N.M. Ct. App. 1994); see also State v. Martinez, 775 P.2d 1321, 1324 (N.M. Ct. App. 1989) ("court's disposition function is predictive and discretionary."). Here, the trial

-14-

court found that the evidence, although by the thinnest of margins, was nonetheless reasonably credible evidence of a violation of the terms and conditions of petitioner's probation. The court further stated that its conscience was satisfied. Upon review of the state court record, we are not persuaded that the probation revocation decision was based on an unreasonable factual determination based on evidence presented in the state court proceedings, nor was the state court's decision contrary to or an unreasonable application of clearly established federal law. See Elliott v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001).

Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge