This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38708**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**NANCY A. MASCARENAS,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's order revoking her probation. Unpersuaded that the docketing statement demonstrated error, we issued a notice proposing to summarily affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** Instead of repeating our proposed analysis, we focus this opinion on the matters raised in Defendant's memorandum in opposition to our notice. First, Defendant contends that the district court abused its discretion by denying her motion to dismiss

for the State's failure to comply with the time limits contained in Rule 5-805 NMRA. [MIO 3-4] Second, Defendant also asks us to review the suppression and sufficiency issues regarding the allegations that Defendant violated probation by violating state law and acquiring new criminal charges. [MIO 4]

**{3}** Defendant's memorandum in opposition presents a clearer and more specific argument explaining why she contends the district court abused its discretion in refusing to dismiss the State's allegations, arguing that two time limits contained in Rule 5-805 were violated: the time limit for holding the initial hearing and the time for holding the adjudicatory hearing. *See* Rule 5-805(G), (H). [MIO 3-4] As we explained in our notice, Rule 5-805(L) gives a district court discretion to dismiss a petition to revoke probation for violating the time limits contained in Rule 5-805. [CN 2] Distilling the timeline Defendant presents, she seems to complain that her initial hearing was held twenty-three days late, and her adjudicatory hearing was held nineteen days late. [MIO 1-3] Defendant asserts that not only was the initial hearing held twenty-three days late, she also was illegally held in custody for those twenty-three days under Rule 5-805(G). [MIO 3-4] Defendant was placed in custody, however, because of the bench warrant issued on the initial motion to revoke and because she was concealing her identity from an officer and acquired new criminal charges during the booking process. [2 RP 309] The State amended the motion to revoke to include the additional probation violations and the new criminal charges, an amendment that was made within the thirty-day time limit for holding the initial hearing after her arrest. [2 RP 309-13] *See* Rule 5-805(G). Under these circumstances, we fail to see the basis for Defendant's assertion that she was in custody illegally. In addition, Defendant acknowledges that the amended motion to revoke may restart the time limit, but Defendant does not seem to factor her arrest on new charges into her timeline for the initial hearing or into the district court's discretion on whether to dismiss. [MIO 4]

**{4}** Relative to the delay in the adjudicatory hearing, it was scheduled to occur on time, but was continued due to the unavailability of State witnesses. [DS 4; MIO 2] As a result, the district court released Defendant pending the rescheduled, final adjudication, in order to minimize her prejudice. [DS 4; MIO 2] Defendant asserts that Rule 5-805(H) *entitled* her to be released, and the district court's misunderstanding, in effect, was an erroneous failure to exercise its discretion to sanction the State. [MIO 5] We agree that the district court's release of Defendant was consistent with Rule 5-805(H), but we disagree that its statement—that releasing Defendant "handled" the violation of Rule 5-805(H) and reduced her prejudice—shows a refusal to exercise any discretion. [2 RP 375] We construe this language in the decision letter to reflect the district court's decision that no sanctions beyond those provided in the rule are warranted. *See Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 25, 146 N.M. 473, 212 P.3d 361 ("Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it." (internal quotation marks and citation omitted)).

**{5}** Based on the foregoing and the lack of the further argument in the memorandum in opposition, we are also not persuaded that Defendant's memorandum in opposition

establishes prejudice from the delay. *See State v. Chavez*, 1985-NMCA-003, ¶ 10, 102 N.M. 279, 694 P.2d 927 ("[D]elay in the institution and prosecution of probation revocation proceedings along with a showing of prejudice to the probationer, may constitute a denial of due process, thereby requiring the state to waive any right to revoke defendant's probation."). Nor does Defendant establish that the delay was intentional on the part of the State or otherwise egregious. Under these circumstances, we are not persuaded that the district court abused its discretion by refusing to dismiss the motion and amended motion to revoke Defendant's probation. *See State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321 (explaining that we review decisions to revoke probation for abuse of discretion); *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." (internal quotation marks and citations omitted)).

**{6}** Lastly, Defendant's memorandum in opposition asks us to examine the suppression and sufficiency issues regarding the allegations of state law violations because they prejudiced Defendant by providing the basis for delaying the adjudication of her probation violations. [MIO 5] Our notice did not address these issues because the district court concluded that Defendant violated three other probationary terms that are unrelated to the evidence for which she sought suppression, including the violation of state laws. Our case law directs this approach. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (stating that "although [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper"). Defendant does not refer us to any case law or explain why a relatively short delay caused by the addition of alleged probation violations would constitute a exception to the principle stated in *Leon*. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). We also note that even if we were to consider the sufficiency of the evidence to support the other probation violations, we would consider all the evidence, including that which Defendant contends was wrongfully admitted. *See State v. Post*, 1989-NMCA-090, ¶ 22, 109 N.M. 177, 783 P.2d 487. In light of our holding in *Leon*, we see no reason to address whether the evidence supporting the additional probation violations should have been suppressed, where we will affirm the revocation based on the initial supported violations.

**{7}** Defendant has not responded to our proposed disposition of the other issues and therefore has abandoned all remaining matters. *See See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (providing that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

**{8}**     For the reasons stated in our notice and in this opinion, we affirm the district court's order revoking Defendant's probation.

**{9}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**