This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38493**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MANUEL R. ORTIZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe Sommer, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant appeals from the district court's amended order revoking probation and committing him to the New Mexico Department of Corrections. Defendant raises two issues on appeal: (1) whether Defendant was denied his right of confrontation under the Due Process Clause of the Fourteenth Amendment of the United States Constitution by the State's exclusive reliance on contested hearsay testimony to prove that Defendant committed new crimes while on probation; and (2) whether the district court abused its discretion in revoking Defendant's probation on the additional ground that Defendant willfully violated the conditions of his probation by failing to report in person

at the probation office in October 2018. We agree with Defendant's claim that he was denied his right to confrontation, and therefore reverse the district court's decision revoking his probation based on the commission of a new crime. Because the district court relied on the improperly admitted evidence that Defendant had committed a new crime in reaching its conclusion that Defendant willfully violated the conditions of his probation by failing to report in person, we reverse on that issue as well and remand to allow the district court to decide whether the violation was willful without relying on the improperly admitted evidence of commission of a new crime.

## I.      Defendant Was Denied His Due Process Right to Confrontation

**{2}** Defendant was charged by criminal complaint with battery on a household member and interference with communications (the destruction of a cell phone) on October 31, 2018, while he was on probation. The commission of new crimes by Defendant while on probation, if that occurred, was a violation of the conditions of his probation and was a sufficient ground for revocation of his probation.

**{3}** Defendant categorically denied the allegations in the criminal complaint regarding his commission of a new crime, and sought the opportunity to confront the only potential witness with direct knowledge of the events at issue: the alleged victim. Despite Defendant's objections to the hearsay evidence introduced by the State and his assertion of his right to confront the alleged victim, the alleged victim did not testify. The State relied exclusively on third-party reports of statements allegedly made by the victim. Defendant claims on appeal that his due process right to confront the witnesses against him was violated and seeks reversal of the district court's decision revoking his probation for committing new crimes.

**{4}** We note at the outset that "[t]he right protected in probation revocations is not the [S]ixth [A]mendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment." *State v. Guthrie*, 2011-NMSC-014, ¶ 12, 150 N.M. 84, 257 P.3d 904. "Due process includes the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *State v. Castillo*, 2012-NMCA-116, ¶ 9, 290 P.3d 727 (internal quotation marks and citation omitted). Whether Defendant's due process right to confrontation was violated is a question of law we review de novo. *Id.*

**{5}** When determining whether there was good cause for not allowing confrontation we consider "whether confrontation of the witness is essential to the truth-finding process in the context of probation revocation[.]" *Guthrie*, 2011-NMSC-014, ¶ 2. Factors relevant to this determination may include but are not necessarily limited to the following: (1) whether "the assertion [is] central to the reasons for revocation[] or . . . collateral[,]" *id.* ¶ 34; (2) whether "the assertion [is] contested by the probationer, or is the state merely being asked to produce a witness to establish something that is essentially uncontroverted[,]" *id.*; (3) whether the assertion is "inherently reliable[,]" *id.* ¶ 36; (4) whether the testimony is the sort of testimony that the declarant would only

remember by reference to his or her records even if he or she were to testify in person, *id.* ¶ 37; (5) whether the challenged evidence is corroborated by other reliable evidence, *id.* ¶¶ 40-41; (5) whether the sponsor of the evidence is reliable and free of a motive to lie; *id.*; and (5) whether the declarant's observations are subjective or objective, *id.* ¶¶ 37-39. In applying these standards, our Supreme Court in *Guthrie* held that confrontation is more likely required where

> evidence is contested by the defendant, unsupported or contradicted, and its source has a motive to fabricate; it is about a subjective, judgment-based observation that is subject to inference and interpretation, and makes a conclusion that is central to the necessary proof that the defendant violated probation.

*Id.* ¶ 41.

**{6}**     *Guthrie* also identifies examples of circumstances in which confrontation will generally be required to satisfy the requirements of due process. *Id.* ¶¶ 36, 38. Of direct relevance to this case is our Supreme Court's discussion of allegations that a defendant violated his probation by committing a new crime, when the defendant had not yet been found guilty of committing the crime. When, as in this case, "the probationer is alleged to have *committed* a crime, but has not been convicted, then we would be hard pressed to envision a situation in which personal testimony and confrontation would not be required." *Id.* ¶ 38.

**{7}**     The State's evidence that Defendant committed the two crimes with which he was charged was offered through the testimony of Officer Anthony Madrid, a Santa Fe City police officer. Officer Madrid testified that he had been dispatched to the scene of a traffic accident to assist a fellow officer on October 31, 2018. Officer Madrid was told by dispatch that the officer on the scene had concluded that the traffic accident "was the result of a domestic violence situation." When he arrived on the scene of the traffic accident, Officer Madrid was told by the officer on the scene that he believed the driver at fault in the accident was a victim of domestic violence.

**{8}**     Defendant timely objected to questions about what Officer Madrid had learned in his investigation to the extent it was based on the statements of others rather than on Office Madrid's observations. The district court agreed with the hearsay objection, and limited Officer Madrid's testimony to his own observations. Officer Madrid then testified to his observations about the appearance of the woman driving the car, noting that she had been crying and that she was very upset. The officer reported that he noticed that the driver's face makeup was smeared, that there was puffiness or swelling near her left eye, a fresh injury under her left eye, and a small laceration and bump on the bridge of her nose, which also appeared to be a fresh injury. The officer also reported seeing a cell phone that he described as being in bad shape on the seat next to the woman.

**{9}**     When Officer Madrid testified that he spoke with the driver, defense counsel again objected on hearsay grounds to the admission of any statement made by the

driver to the officer. After argument on the objection, the State agreed to move on without eliciting testimony about any statement made by the woman to the Officer Madrid.

**{10}** On cross-examination by Defendant's counsel, Officer Madrid admitted that his observations of the woman's appearance could have been caused by the automobile accident. There was no testimony placing Defendant at the scene of the accident or connecting Defendant to the woman who was involved in the accident.

**{11}** The State elicited Officer Madrid's testimony that he had drafted and filed a criminal complaint against Defendant and prepared an arrest warrant. He admitted that he prepared these documents based solely on the information he obtained at the scene of the traffic accident, as described in his testimony, as well as from the statements made to him by the alleged victim at the scene of the traffic accident, which had been excluded from evidence. The complaint and arrest warrant alleged that the woman's injuries were caused by a domestic dispute with Defendant. Defendant objected to the admission of the arrest warrant and complaint for the truth of the matters asserted in them, arguing that the contents of the documents was not based on Officer Madrid's personal knowledge, but were based either on out-of-court statements from his fellow officer (who did not testify), or on out-of-court statements made by the alleged victim, who also did not testify. Defendant again asserted the denial of his right, without good cause, to confront and cross-examine the victim.

**{12}** The district court took judicial notice of the complaint and arrest warrant as valid court documents. The district court overruled Defendant's hearsay objection to the court taking judicial notice of the content of these documents for their truth. The district court later, in its ruling, relied on the truth of the content of these documents as the basis of the court's finding that, "to a reasonable certainty," Defendant had committed the crimes of battery on a household member and interference with communications.

**{13}** Defendant filed a timely motion for reconsideration, arguing that the State had failed to establish good cause for denying him his right to confront the alleged victim. The district court denied this motion, stating that it found that the totality of the circumstances, together with the content of the criminal complaint drafted by Officer Madrid, "rose to the level of reasonable certainty" that Defendant violated the laws of New Mexico as charged in the criminal complaint. Addressing *Guthrie*, the district court found that confrontation was not required where there was other reliable evidence, and that the criminal complaint and arrest warrant here were reliable because Officer Madrid had no motive to fabricate and police investigations are generally reliable.

**{14}** We conclude that the district court erred in its application of our Supreme Court's decision in *Guthrie.* Contrary to the district court's conclusion, this case falls decidedly on the "no good cause" end of the spectrum described by our Supreme Court in *Guthrie*: there is a clear need for confrontation to protect the truth-finding process and ensure the substantial reliability of the evidence. 2011-NMSC-014, ¶¶ 40-43.

**{15}** In evaluating the utility of confrontation, *Guthrie* begins by looking at the nature of the assertion the State needs to prove. *Id.* ¶ 34. Key elements are whether the assertion is central to the reasons for probation revocation, rather than merely collateral, and whether the assertion is controverted. *Id.* In this case, the issue of whether Defendant had any connection to the alleged victim, and whether he committed a battery on that victim were central to revocation of Defendant's probation. The State's contentions were contested: Defendant denied any involvement with the alleged victim and claimed that her injuries were consistent with her traffic accident.

**{16}** Next, our Supreme Court in *Guthrie* looks to the reliability of the hearsay evidence offered. "The more reliable the source and contents of hearsay evidence, the less need for live testimony." *Id.* ¶ 36. The district court based its conclusion that the evidence was reliable on the inherent reliability of police officers. Officer Madrid was the sponsor of the evidence, not its source. The reliability of the sponsor of the evidence is one of the *Guthrie* factors. *See id.* ¶¶ 40-41. It is not however, the only factor in assessing the reliability of the evidence. The district court was also required to consider whether the content of the evidence was inherently reliable and whether the source of the statements made to the police officer was reliable, as well as the reliability of the sponsor of the evidence. The source of the evidence, the only person with direct knowledge, was the alleged victim. There was no evidence establishing that the victim was reliable. Indeed, a person who had just been responsible for a traffic accident and who sustained injury in that accident, might well be motivated to lie about the cause of the accident. Moreover, there was nothing in the record ruling out possible animus toward Defendant, if indeed the victim and Defendant were connected in some way.

**{17}** Next, our Supreme Court considered whether the evidence was corroborated by other reliable evidence. *See id* ¶ 40. Although Officer Madrid's observations of victim were consistent with domestic violence, the officer admitted that they were equally consistent with injury from a traffic accident. The value of Officer Madrid's observations as corroboration was therefore significantly undercut by the alternative explanation.

**{18}** Finally, our Supreme Court in *Guthrie* looked to whether the evidence was objective or subjective. *See id.* ¶¶ 38-39. In applying this element of the analysis, the Court specifically addressed the situation where a probationer is alleged to have committed a new crime while on probation. The Court noted that if the probationer has not been convicted, "we would be hard pressed to envision a situation in which personal testimony and confrontation would not be required." *Id.* ¶ 38.

**{19}** Because most of the factors in our Supreme Court's need-for-confrontation analysis, with the exception of the reliability of the source, fall at the end of the spectrum requiring confrontation, we conclude that Defendant had a right to confront the alleged victim in this case. The State's evidence was contested and the contested evidence was central to the State's proof that there had been a violation of law. Additionally, there was no corroboration by a conviction; the only corroborating evidence was ambiguous; and the alleged victim could have had a motive to fabricate. We therefore conclude that there was "no good cause" to dispense with confrontation. *See id.* ¶ 2. Accordingly, we

reverse the revocation of Defendant's probation on the ground of commission of a new crime.

## II. The District Court Conclusion That Defendant's Failure to Report Was a Willful Violation of the Conditions of His Probation Is Not Supported By the Evidence in the Record

**{20}** Defendant next contends that the district court abused its discretion in revoking Defendant's probation on the basis that Defendant's failure to report to his probation officer in October 2018 was willful. We agree with the Defendant. *See State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (holding that to support revocation of probation, a violation must be willful).

**{21}** Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. "Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *Martinez*, 1989-NMCA-036, ¶ 8. If the district court finds that the defendant's "failure to comply was not willful, but resulted from factors beyond [the defendant's] control and through no fault of his own, then probation should not be revoked." *Id.*

**{22}** In this case, Defendant's probation officer, Augustine Pacheco, testified in support of the State's claim that Defendant had violated his probation by failing to report in person at the probation office in the month of October 2018. Pacheco testified that he had visited Defendant in his home on October 12, 2018. At that visit, he noticed that Defendant had a visible skin rash on his face. Pacheco testified that he asked Defendant to telephone and schedule a time to report in person at the probation office during the month of October.

**{23}** Pacheco testified that Defendant did not promptly telephone to set up an appointment. Pacheco followed up by sending Defendant a letter, and unsuccessfully attempted to reach Defendant telephonically and by visits to his residence. On October 26, 2018, Defendant sent Pacheco a text message with photos of hospital records explaining that he had been diagnosed with scabies, that it was highly contagious, and that he was not permitted to have human contact for forty-five to sixty days (beginning with his diagnosis on September 4, 2018). Pacheco testified that he "had no reason" to doubt the medical information provided to him by Defendant. Nonetheless, he did not excuse Defendant from reporting to the probation office in person.

**{24}** On October 31, 2018, or November 1, 2018, Pacheco spoke with Defendant by telephone and ordered him to come to the probation office the next day. A police officer testified, with supporting documentation, that Defendant was arrested on November 2, 2018, at the probation office.

**{25}** Finally, Defendant testified about his diagnosis of scabies and the orders he received from the hospital to avoid any human contact for forty-five to sixty days after his diagnosis. He confirmed Pacheco's visit to his home on October 12, 2018, and his text message to Pacheco on October 26, 2018. This testimony was consistent with Pacheco's testimony. We do not rely on Defendant's testimony that he showed Pacheco his medical records when he visited because Pacheco did not remember and the district court found Pacheco's testimony credible.

**{26}** At the conclusion of the probation revocation hearing, the district court held that it did not have sufficient nonhearsay evidence concerning Defendant's medical condition and, therefore, would not take his medical condition into account. In his motion to reconsider, Defendant attached the medical records, along with proof that they had been texted to Pacheco on October 26, 2018. The district court then agreed to consider the medical records. The court again concluded that Defendant's violation was willful, finding and that his failure to report was not excused by his documented medical condition. The stated basis[1] of the district court's decision that Defendant's violation was willful was based primarily on two pieces of evidence: the evidence that Defendant had visited in person with the probation officer when the officer came to his home on October 12, 2019; and that Defendant had contact with the alleged victim of the battery. The district court found, based on this evidence, that Defendant had not stayed away from human contact, but had "pick[ed] and cho[se]" who he would see and who he would not see. On this basis, the district court concluded that Defendant's failure to appear in person at the probation office was a willful violation of his probation.

**{27}** We conclude that the district court's stated reliance on evidence that this Court has held was inadmissible to find that Defendant's conduct was willful, requires reversal. Because the district court's decision that Defendant picked and chose who he would have contact with was based on only two incidents: (1) Defendant met with Pacheco when he came to his house; and (2) Defendant had personal contact with the alleged victim of domestic violence, it is not clear that the district court would reach the same conclusion or impose the same penalty if it disregarded the allegation that Defendant had personal contact with the alleged victim. We therefore reverse the revocation of Defendant's probation on this ground and remand to allow the district court to reassess its conclusion and penalty in light of the decision of this Court excluding the evidence of Defendant's contact with the alleged victim.

**CONCLUSION**

**{28}** For the foregoing reasons, we reverse the revocation of Defendant's probation and remand for proceedings consistent with this opinion.

**{29}  IT IS SO ORDERED**

---

1Due process requires a "statement of the fact[-]finder of the evidence relied on and the reasons for [probation] revocation." *State v. Sanchez*, 1980-NMCA-055, ¶ 12, 94 N.M. 521, 612 P.2d 1332.

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**